```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA
                            WESTERN DIVISION
```

IN RE:

MICHAEL STEVEN GRZESLO                              Chapter 13
LINDA ANN GRZESLO

    Debtors.                                Bankruptcy No. 08-00299S


<u>RULING RE: DEBTORS' "DISMISSAL"</u>

Michael and Linda Grzeslo filed their joint petition under chapter 13 on February 27, 2008. Donald H. Molstad appeared as their attorney. Their modified plan was confirmed on August 26, 2008 (docs. 39 and 41). On July 22, 2009, they filed a document entitled "Dismissal," their counsel perhaps thinking that debtors could dismiss their case without court order (doc. 59).

Dismissal of a previously unconverted chapter 13 case by a debtor is governed by 11 U.S.C. § 1307(b) which provides in pertinent part:

> On <u>request</u> of the debtor at any time, if the case has not been converted under sections 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter.

11 U.S.C. § 1307(b)(emphasis added). The procedure is incorporated in the court's local rules at L.R. 1017-2(a)(1), under which the court may dismiss a chapter 13 case on notice only to the U.S. trustee and the standing trustee. The court is able to determine from its docket whether or not the case has been previously converted to chapter 13. The court has no

discretion in such a circumstance.

Nonetheless, the Code section contemplates a court order, and a request for such an order is made by motion. Fed.R.Bankr.P. 9013.  The court set hearing to discuss with counsel the filing of the "Dismissal."  Hearing was set for August 18, 2009.  Debtors' counsel did not attend but instead filed a second document entitled "Dismissal" (doc. 62).  It was identical to the first "Dismissal."

Attorney Molstad has previously filed such documents apparently aimed at a self-effectuating dismissal of a chapter 13 case.  His failure to attend the hearing to discuss the procedure likely will lead to his ignoring the federal and local rules in the future.

The "dismissal" filed by debtors in this case does not ask the court for any order.  The court will take no action on the "dismissals."  The case has not been dismissed.

IT IS ORDERED that any motions to dismiss filed by debtors in this case shall be set for hearing in court.

DATED AND ENTERED  August 19, 2009

William L. Edmonds, Bankruptcy Judge